CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 21, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Karsten Allen, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:21-cv-00207 |
| Larry Fields *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Karsten Allen, a Virginia inmate proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983. Initially, Allen alleged six different claims against seven different staff members from the Virginia Department of Corrections ("VDOC") and Keen Mountain Correctional Center ("KMCC"). At this point, only two claims—a claim of excessive force in violation of the Eighth Amendment (Compl. ¶ 36 (Dkt. 1)) and a claim of retaliation in violation of the First Amendment (*Id.* at ¶ 35)—remain against Defendant Larry Fields.[1] According to the court's prior order (Dkt. 47), Plaintiff's claim of excessive force will proceed to trial. This matter is now before the court on Fields's second motion for summary judgment, addressing only Allen's retaliation claim. (Dkt. 54.) The motion has been fully briefed and is ripe for decision. For the following reasons, the court will deny Fields's motion.

**I.   Background**

---

[1] Allen also alleged that the retaliation was in violation of the 14th Amendment, but that claim was dismissed previously. (Dkt. 34 at 10.)

The factual background of the case was set out in the court's previous memorandum opinion and so it is not reiterated here.  (*See* Dkt. 46.)  In his first motion for summary judgment (Dkt. 37), Fields asserted that Allen's retaliation claim should be dismissed because Allen failed to complete all levels of the institution's grievance procedures, meaning that his claim had not been administratively exhausted as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e).  The court previously denied the first motion for summary judgment on the basis that administrative remedies may not have been available to Allen because he received conflicting guidance from the institution about whether his retaliation claim should be exhausted through the grievance process or through the disciplinary appeal process.  The court indicated that the retaliation claim would proceed to trial unless Fields requested an evidentiary hearing on the exhaustion issue or filed a second motion for summary judgment if no evidentiary hearing was requested.

Fields did initially request an evidentiary hearing on August 24, 2023, which was set for October 23, 2023.  The hearing was subsequently removed from the docket after Plaintiff indicated he was not in possession of legal materials that he needed.  Prior to the date for the evidentiary hearing, Fields filed a second motion for patrial summary judgment (Dkts. 54 (Motion) and 55 (Memo. in Support)) on September 25, 2023, as to the retaliation claim.

## II.     Standard of Review

Under Rule 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court

should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. *Celotex*, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. *Anderson*, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (cleaned up). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn*, 710 F.3d at 213 (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (cleaned up) (quoting *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. The nonmoving party must, however, "set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" *Glynn*, 710 F.3d at 213 (quoting *Anderson*, 477 U.S. at 252). The nonmoving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."

3

*Anderson* at 249. "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Anderson* at 248). Even when facts are not in dispute, the court cannot grant summary judgment unless there is "no genuine issue as to the inferences to be drawn from" those facts. *World-Wide Rights Ltd. P'ship v. Combe, Inc.*, 955 F.2d 242, 244 (4th Cir. 1992).

### III.     Analysis

#### A.  First Amendment Retaliation (Count I)

**1.  Exhaustion Defense**

Fields's second motion for partial summary judgment repeats the same arguments made in the first motion for summary judgment as to exhaustion.  Fields presented in support of both motions for summary judgment an identical affidavit from the relevant institution's Grievance Coordinator, H. Viars.  Viars submitted all of Allen's relevant grievance records so no new documentation would be introduced at an evidentiary hearing.  Plaintiff has attested that he was confused about whether a claim of retaliation arising from an allegedly falsified disciplinary charge should be asserted subject to the regular grievance procedures or the separate procedures governing appeals of disciplinary charges.  (Dkt. 73-3 (Aff. of Allen ¶ 2).) In an informal complaint, Allen wrote that the charge was "fabricated by Unit Manager Fields in retaliation for me threatening to take legal action on an unrelated matter."  (Dkt. 38-1 at 33 (Aff. of Viars ¶ 14).)  Allen specifically claimed in the informal complaint that this retaliation violated his First Amendment rights. (Dkt. 38-1 at 33.)  The institutional response to Allen's informal complaint reiterated his conviction on the disciplinary charge and stated that "any

4

other issues that you have with the charge you may address in your appeal to the warden." *Id.* This statement was arguably inconsistent with the governing grievance procedures, which require that claims of retaliation be exhausted through the regular grievance procedures. (*See* Dkt. 55-1 at 10. 13 (VDOC Operating Procedure 866.1(IV)(M) (defining "reprisals" as actions or threats of action against anyone for good faith participation in the grievance process and categorizing "reprisals" as "grievable" issues))). This inconsistency was the basis of the court's prior ruling denying the first motion for partial summary judgment (Dkt. 46 at 16), and this inconsistency remains. Therefore, given that an evidentiary hearing would not result in any undisputed dispositive basis for resolving the exhaustion defense, the evidentiary hearing will not be rescheduled. Accordingly, no basis exists to alter the court's prior conclusion on this issue, which considered all the evidence submitted to date.

Therefore, the court will deny Fields's second motion for partial summary judgment as to the exhaustion defense for the retaliation claim. This denial is without prejudice to Fields's option to present the defense at trial.

**2. Merits of the Retaliation Claim**

Fields's second motion for partial summary judgment also asserts that the retaliation claim should be dismissed because the evidence indicates that Fields did not retaliate against Allen on account of his filing of grievances and intended pursuit of legal claims.

The Fourth Circuit has held that an inmate's right to be free from retaliation for accessing the courts also includes a right to be free from retaliation for accessing a prisoner grievance procedure. *See Booker v. S.C. Dep't of Corrs.*, 855 F.3d 533, 544–46 (4th Cir. 2017). To prevail on a claim of retaliation, a prison inmate must persuade the court that (1) he was

5

engaged in protected First Amendment activity, (2) a defendant took some action that adversely affected the inmate, and (3) there was a causal relationship between the inmate's protected activity and the defendant's conduct. *See Booker v. S.C. Dep't. of Corrs.*, 583 F. App'x 43, 44 (4th Cir. 2014) (citing *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005)). It is well-established that the filing of a grievance or a lawsuit is protected First Amendment conduct that would satisfy the first element of a First Amendment retaliation claim under § 1983. *See Booker*, 855 F.3d at 541; *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978). Here, Plaintiff claims that the retaliation arose after he requested a complaint form from Fields and threatened to sue him.

"With respect to the second element, the plaintiff is required to show that a defendant's allegedly retaliatory conduct caused 'more than a de minimis inconvenience' and that it 'would likely deter a person of ordinary firmness from the exercise of First Amendment Rights.'" *Wall v. Clarke*, 2023 WL 2703138, at *3 (W.D. Va. Mar. 29, 2023) (quoting *Constantine*, 411 F.3d at 500). Both the Fourth Circuit and this court have recognized that the filing of a disciplinary charge against a prisoner is a sufficient adverse action. *See Roscoe v. Bentley,* 2021 WL 4267716, at * 12 (W.D. Va. Sept. 20, 2021) (citing *Booker*, 583 F. App'x at 44). Here, Fields did file a disciplinary charge against Allen, and Allen's conviction on that charge was upheld after appeal.

The third element of a retaliation claim requires the plaintiff to demonstrate that "there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy,* 858 F.3d 239, 249 (4th Cir. 2017) ("*Martin I*"). In 2020, the Fourth Circuit held that the burden-shifting framework set out in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429

6

U.S. 274 (1977), should apply to evaluate the causation element of a prisoner's retaliation claim under the First Amendment. *See Martin v. Duffy*, 977 F.3d 294, 299–300 (4th Cir. 2020) ("*Martin II*"). "For a plaintiff to meet his prima facie burden of causation, he must show '(1) that the defendant was aware of [his] engaging in protected activity' and (2) 'some degree of temporal proximity to suggest a causal connection.'" *Shaw v. Foreman*, 59 F.4th 121, 130–31 (4th Cir. 2023) (quoting *Constantine*, 411 F.3d at 501). Here, Allen claims that Fields fabricated the disciplinary charge several hours after Allen asked him for a complaint form and after Allen threatened to sue Fields.

In *Martin II*, the Fourth Circuit held that, after a prisoner plaintiff established a prima facie case of retaliation, including showing that his protected conduct was a substantial or motivating factor in a defendant's adverse action, a defendant may defeat the claim by proving by a preponderance of the evidence, that the same action would have been taken in the absence of the prisoner's protected conduct. *See Martin II*, 977 F.3d at 301. The court further held that, in a "unitary event case" -- a case where the plaintiff's protected conduct is a single event "that could prompt either a permissible or an impermissible reason on the part of the defendant to act," *Greenwich Citizens Comm., Inc. v. Cntys. of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 33 (2d Cir. 1996), the same decision test is met if the defendant would have reached the same decision absent a retaliatory motive. *See Martin II*, 977 F.3d at 303–04.

Fields submitted an affidavit in support of the second motion for partial summary judgment in which he attests that he heard Allen kicking the door to his cell, that he investigated the noise, and that he saw Allen kicking the door. (Dkt. 55-2 at ¶ 5.) He stated that Allen's kicks removed paint from the door. (*Id.*) He further attests that he wrote an

7

appropriate disciplinary charge arising from the incident (for intentionally destroying, altering, damaging or defacing property), and that he did not falsify the incident or write the charge to retaliate for any conduct protected by the First Amendment, such as grievance submissions or litigation activity. (*Id.* ¶¶ 6, 8.) Allen was determined to have committed a disciplinary infraction, and the charge was upheld over Allen's appeal. (*Id.* ¶¶ 6, 7.)

Allen, however, in response to the motions for summary judgment and in his verified complaint, has sworn that he never kicked the door. He contends that the incident was wholly fabricated by Fields. He has sworn in his verified complaint that Fields concocted the incident several hours after Allen requested a grievance form from Fields and after Allen stated that he would sue Fields. (Dkt. 1 ¶ 22.) Allen swore that, "[o]n April 30, 2020, I never kicked my cell door or removed paint from it in any way. Unit Manager Fields falsified the disciplinary report from what I understand to be in retaliation for my request for an informal complaint and statement of intent to take legal action against him." (Dkt. 73-3.)

Accordingly, the court finds that there are genuine issues of disputed material fact precluding summary judgment that must be resolved in a trial regarding the the retaliation claim.[2] The court therefore will deny Fields's second motion for partial summary judgment as to the substance of the retaliation claim.

---

[2] Additionally, the court notes that there is some indication that video evidence of the encounter giving rise to the claims existed and may still exist. The video has not been introduced to date. If the video still exists, it would potentially be helpful in resolving the parties' competing claims. If Allen or Fields believe that the video is appropriate evidence in this matter and that it could aid settlement of this matter or for any other reason, the parties are reminded that they may request that a settlement conference be conducted before a United States Magistrate Judge. The Magistrate Judge that conducts a settlement conference keeps all information obtained during the settlement conference confidential from any other judge and does not rule on matters in the case.

## IV. Conclusion

For the reasons explained above, the court **DENIES** Fields's second motion for summary judgment (Dkt. 54.) Allen has demanded a jury trial. Accordingly, the Clerk is **DIRECTED** to set this case for a jury trial. After the trial date(s) are set, the court will issue a pretrial order setting deadlines for the motions and disclosures.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and an accompanying Order to Plaintiff Allen.

**ENTERED** this 21st day of October 2024.

/s/ *Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE